**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CIVIL NO. 20-2000(DSD/DTS)**

Far East Aluminium Works Co. LTD.,

             Plaintiff,

v.                                                    **ORDER**

Viracon, Inc.,

             Defendant.


        Abram I. Moore, Esq. and K&L Gates, LLP, 70 West Madison
        Street, Suite 3100, Chicago, IL 60602, counsel for plaintiff.

        Joseph M. Windler, Esq. and Winthrop & Weinstine, PA, 225
        South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel
        for defendant.

        This matter is before the court upon the motion to dismiss by

defendant Viracon, Inc.  Based on a review of the file, record, and

proceedings herein, and for the following reasons, the motion is

granted in part and denied in part.


                            **BACKGROUND**

        This dispute arises from a contract between Viracon and

plaintiff Far East Aluminum Works Co. Ltd. under which Viracon

supplied insulated glass for the Wynn Cotai Resort in Macau

(Resort).[1]  The Resort's façade was designed to include floor-to-

---

        [1] The court will not discuss the precise specifications of the
glass in detail given the limited nature of the motion.  Nor will
the court discuss, at this time, the complex underlying
contractor/subcontractor relationships.  See Compl. ¶¶ 7, 9.

ceiling dark bronze and gold colored insulated glass that changes with the weather and outdoor light. Compl. ¶ 8. Viracon is "one of the few, if not only, glass fabricators in the world that can provide the specific type of coating that is required for" this look, which is unique to Wynn hotels. Id. ¶¶ 8, 13.

On February 19, 2014, after discussing the project by telephone, Viracon sent Far East a letter representing that it previously created and supplied similar coated glass in the Wynn Resort in Las Vegas. Id. ¶ 10. In a letter dated February 21, 2014, Viracon confirmed that it would supply the same glass with the same coating for the Resort. Id.

Three days later, Viracon sent a quotation to Far East with the cost of the glass and stating that the glass would be subject to certain warranties. Id. ¶ 11. Relevant here, the warranty specifically provides that the glass and its coating would perform to specification and that Viracon may elect to replace defective glass "without charge." Id. Ex. B, at 2. The warranty also categorically limits the damages available to purchasers:

> In no event will Viracon's liability exceed the
> purchase price of the glass.... Viracon will not be
> liable for any other expenses, including, but not
> limited to, removal of the defective unit,
> installation of replacement units, any labor,
> materials, and/or any other damages, including
> incidental, indirect, special, or consequential
> damages.

2

Id.  Finally, the warranty expressly disclaims implied warranties: "VIRACON MAKES NO OTHER WARRANTY, EITHER EXPRESS OR IMPLIED REGARDING THE PRODUCT, INCLUDING, BUT NOT LIMITED TO, MECHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." Id.

Viracon sent Far East the warranty on September 13, 2016, two years after Far East submitted a purchase order for the glass. Compl. ¶ 17.

The quotation also references Viracon's terms of sale and general information guidelines that "were previously provided" to Far East and located on Viracon's website. Id. ¶ 11; Henson Decl. Ex. 1. Consistent with the warranty, the terms of sale limit Viracon's liability as follows:

> VIRACON SHALL NOT BE LIABLE UNDER ANY CIRCUMSTANCES FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR PUNITIVE DAMAGES OF ANY KIND [and] will not accept any charge or expense submitted by Buyer or any third party, including but not limited to any labor costs for modification, removal, inspection, testing or installation of any goods sold by Viracon under an Order or for any replacement goods.

Henson Decl. Ex. 1 § 13.  The terms of sale further limit liability to third parties:  "Under no circumstances shall Viracon be liable to, or agree to indemnify Buyer or any third party for, any loss, costs, damage or expense (including attorney's fees) resulting from Buyer's or any third party's acts, omissions or conduct." Id. § 14.  Finally, the terms of sale disclaim implied warranties:

"VIRACON EXPRESSLY DISCLAIMS ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE AND ANY OTHER OBLIGATION OR LIABILITY NOT EXPRESSLY SET FORTH IN ITS STANDARD TERMS OF WARRANTY." Id. § 13. The quotation stated that the terms of sale "controls this document." Compl. ¶ 11.

On February 24, 2014, Far East sent a purchase contract to Viracon accepting Viracon's quotation and referencing the parties' prior communications. Id. ¶ 12; id. Ex. A, at 1. Viracon ultimately sent Far East 18,681 separately framed panes of glass referred to as "lites," which were then installed in the Resort. Compl. ¶¶ 14-15. Some of the lites failed after installation; they "were changing color and were not holding their bronze." Id. ¶ 16. The lites continued to systematically fail between October 2016 and January 2019. See id. ¶¶ 18-31, 33, 35. To date, 1,603 lites have failed. Id. ¶¶ 35, 38. To replace the lites, workers must remove the glass units from the façade, replace the lite, and reseal the unit. Id. ¶ 36.

Viracon tested some of the defective lites and discovered that a power surge during the coating process was, in part, to blame. Id. ¶¶ 32, 34. Although not expressly pleaded in the complaint, the parties agree that Viracon has replaced all the defective lites without charge. But Far East asserts that it incurred significant damages associated with replacing the lites. Specifically, Far

4

East has had to pay to remove the defective glass, place the new glass in each unit, and reinstall the unit. Id. ¶ 46. These costs "far exceed[]" the costs to Viracon in providing the replacement glass. Id. ¶ 47.

On September 18, 2020, Far East commenced this action against Viracon alleging the following causes of action: breach of express warranty, breach of implied warranties, breach of contract, indemnification, contribution, and declaratory judgment. Far East seeks $2.8 million in costs it has incurred in removing the defective lites and installing the new lites provided by Viracon. Id. ¶¶ 51, 59, 64. Far East also seeks $5.2 million in indemnification based on demands by the general contractor on the project. Id. ¶ 68. In addition to damages, Far East requests a declaration that Viracon has an ongoing duty to contribute to damages Far East continues to incur from the defective glass, including amounts Far East may owe to third parties. Viracon now moves to dismiss.

## DISCUSSION

### I.  Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  When evaluating a motion to dismiss for failure to state a claim, the court must accept plausible factual allegations as true.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

## II. Breach of Express Warranty

Viracon argues that Far East's claim for breach of express warranty is not viable because the warranty limits Far East's remedies and specifically precludes Far East from seeking consequential damages.  Far East acknowledges that the warranty precludes consequential damages but argues that the warranty fails of its essential purpose and that the damages limitation is unconscionable.

6

Under the Uniform Commercial Code (UCC), parties may limit remedies for breach of warranty.  Minn. Stat. § 336.2-316(4). Parties may specifically agree to "limit[ ] the buyer's remedies ... to repair and replacement of nonconforming goods or parts." Minn. Stat. § 336.2-719(1).  But "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose," a buyer may pursue other remedies permitted under the UCC.  Minn. Stat. § 336.2-719(2).  Further, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable."  Minn. Stat. § 336.2-719(3).

The court must determine, first, whether the exclusive remedy of replacement fails of its essential purposes and, second, whether the exclusion of consequential damages is unconscionable.

**A.  Fails of its Essential Purpose**

"An exclusive remedy fails of its essential purpose if circumstances arise to deprive the limiting clause of its meaning or one party of the substantial value of its bargain." Luckey v. Alside, Inc., 245 F. Supp. 3d 1080, 1089 (D. Minn. 2017) (internal quotation marks and citation omitted); see also Minn. Stat. § 336.2-719 cmt. 1 ("[W]here an apparently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Article.").

7

In the context of a replacement clause, as here, "[s]o long as the seller [replaces] the goods each time a defect arises, [the replacement] clause does not fail of its essential purpose." Carey v. Chaparral Boats, Inc., 514 F. Supp. 2d 1152, 1154–55 (D. Minn. 2007) (internal quotation marks omitted) (quoting Durfee v. Rod Baxter Imps., Inc., 262 N.W.2d 349, 356 (Minn. 1977)). However, "if repairs are not successfully undertaken within a reasonable time, the buyer may be deprived of the benefits of the exclusive remedy." Id. at 1155 (quoting Durfee, 262 N.W.2d at 356).

A warranty will also fail of its essential purpose if "the limited remedy is insufficient because the foreseeable incidental and/or consequential damages greatly surpass the cost of the goods or the cost of the available remedy, such that even if the seller repairs or replaces the defective item, the buyer incurs proportionally large costs dealing with the defect." Luckey, 245 F. Supp. 3d at 1091. This is often the case where "a product with a latent defect was incorporated into something else that cost much more to fix than merely the purchase price of the defective item." Id. at 1091 n.18; see also Marvin Lumber & Cedar Co. v. Sapa Extrusions, Inc., 964 F. Supp. 2d 993, 1003 (D. Minn. 2013) (holding that a limited remedy clause failed of its essential purpose, in part, because "the purchase price amounted to only a small fraction of the overall repair cost when the product failed,

8

which cost was foreseeable to the seller").

Given this standard, Far East has adequately pleaded that the warranty failed of its essential purpose.[2] Far East alleges that each time it replaces a latently defective lite it must remove the lite from the façade, replace the lite, and reseal the unit. Compl. ¶ 36. According to the complaint, the costs associated with doing so are "significantly greater than the cost of the glass itself." Id. ¶ 46. Whether that allegation will be borne out through discovery sufficient to essentially invalidate the warranty is a question for another day.

B.   **Unconscionable**

"An exclusion of consequential damages ... in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law." Transp. Corp. of Am. v. Int'l Bus. Mach. Inc., 30 F.3d 953, 960 (8th Cir. 1994) (applying Minnesota law). To determine unconscionability, the court evaluates the parties' relative bargaining power when they agreed to the clause and whether the cause is unfairly one-sided. Int'l Fin. Servs., Inc. v. Franz, 534

---

[2] The court rejects Far East's argument that the warranty fails of its essential purpose because some of the replacement lites have also been defective. See Durfee, 262 N.W.2d at 356 ("So long as the seller repairs the goods each time a defect arises, a repair-and-replacement clause does not fail of its essential purpose.").

N.W.2d 261, 269 (Minn. 1995).   "The principle is one of the prevention of oppression and unfair surprise ... and not of disturbance of allocation of risks because of superior bargaining power."  Minn. Stat. § 336.2-302 cmt. 1.

The threshold issue presented is whether Far East has alleged direct or consequential damages.  If at least some of the damages alleged are direct, then the limitation of liability would not preclude Far East's claims.  Minnesota law defines direct damages as "the difference at the time and place of acceptance between the value of goods accepted and the value they would have had if they had been as warranted."  Minn. Stat. § 336.2-714(2).  The Minnesota Supreme Court defines consequential damages as:

> [T]hose that 'do not arise directly according to the usual course of things from the breach of the contract itself, but are rather those which are the consequence of special circumstances known to or reasonably supposed to have been contemplated by the parties when the contract was made.'

Kleven v. Geigy Agric. Chems., 227 N.W.2d 566, 569 (Minn. 1975) (citation omitted); see also Minn. Stat. § 336.2-715.  Although "this division is conceptually clear, in practice it can at times be hard to know where to draw the line."  Luminara Worldwide, LLC v. Liown Elecs. Co., No. 14-cv-3103, 2017 WL 1064887, at *4 (D. Minn. Feb. 17, 2017).

Here, the damages flow from the consequences of the breach rather than the breach itself.  The breach is the defect in the lites.  Thus, direct damages include the replacement value of the lites.  Because Viracon has replaced the defective lites at no cost, Far East has not incurred direct damages.  Instead, Far East claims damages suffered in removing the defective lites and installing new ones.  In other words, the damages alleged are collateral and therefore consequential.  Further, the parties foresaw these possible collateral damages and expressly agreed that they would not be compensable:

> In no event will Viracon's liability exceed the purchase price of the glass....  including, but not limited to, removal of the defective unit, installation of replacement units, any labor, materials, and/or any other damages, including incidental, indirect, special, or consequential damages.

Compl. Ex. B, at 2.  Because the damages are consequential, the court must now turn to whether the exclusion of such damages is conscionable.

There is no dispute that both parties are sophisticated business entities with relatively equal bargaining power.  Under these circumstances, Minnesota courts have held that consequential damages exclusions are valid and enforceable.  See Franz, 534 N.W.2d at 269 ("[W]here the parties were both merchants and there was no great disparity in their bargaining strength and where the

11

claim is for commercial loss, there is nothing that makes it unconscionable to enforce the allocation of risk incorporated into the parties' contract."); see also Transp. Corp., 30 F.3d at 960 ("An exclusion of consequential damages set forth in advance in a commercial agreement between experienced business parties represents a bargained-for allocation of risk that is conscionable as a matter of law."). Far East argues that this case presents an exception because it had no choice but to contract with Viracon, as one of the "few, if not the only," glass fabricators that can produce the specialized glass used in Wynn resorts. Compl. ¶ 13. But this argument does not establish that Far East was forced into contracting with Viracon without any bargaining power. Far East does not allege that it tried, without success, to negotiate more favorable terms, nor does it allege that it tried to find other vendors to manufacture the glass. As a result, the court cannot agree that the exclusion is unconscionable.

## III. Breach of Contract

Far East alleges that Viracon breached the parties' contract by providing defective lites that have caused it to incur more than $2.8 million in damages. Compl. ¶¶ 63-64. As discussed above, the damages alleged are consequential and therefore precluded by the terms of sale. As a result, Far East does not have a viable breach of contract claim against Viracon.

## IV.  Implied Warranties

Viracon next argues that Far East's claim for breach of the implied warranties of merchantability and fitness for a particular purpose must be dismissed because the quotation, terms of sale, and the purchase contract expressly disclaim such warranties.

A manufacturer may exclude the implied warranties of merchantability and fitness for a particular purpose by doing so conspicuously in writing.  Minn. Stat. § 336.2-316(2).  There is no question that the disclaimer here is in writing and conspicuous because it is in all capital letters in both the warranty itself and the terms of sale.  Henson Decl. Ex. 1 § 13; Compl. Ex. B, at 2.  According to Far East, however, the disclaimer was untimely, and therefore unenforceable, because Viracon did not provide a copy of the warranty until two years after Far East submitted the purchase order and because the terms of sale were "hidden" on Viracon's website.

But the complaint belies this argument.  In the complaint, Far East alleges that Viracon's quotation states that the terms of sale "previously provided to your company or that you reviewed at www.viracon.com controls this document."  Compl. ¶ 11.  In response, Far East sent a purchase contract to Viracon "expressly incorporating Viracon's quotation."  Id. ¶ 12.  Far East does not allege that it could not locate the terms of sale on Viracon's

13

website or that it was otherwise unfamiliar with its contents. Nor does Far East allege that it ever inquired as to the details relating to the terms of sale. Under these circumstances, Far East has failed to plausibly allege that the implied warranty disclaimer is invalid or unenforceable.[3] The implied warranty claim therefore fails as a matter of law.

**V.   Remaining Claims**

Viracon argues that Far East's remaining state-law claims also fail as a matter of law.

**A.   Indemnification and Contribution**

Far East alleges that Viracon should be held responsible for Far East's obligations to third parties for the costs incurred in replacing the defective glass under the theories of indemnification and contribution. Neither theory applies under the facts alleged.[4]

"Indemnity arises out of a contractual relationship, either expressed or implied by law, which requires one party to reimburse the other entirely." Hernick v. Verhasselt Constr., Inc., Nos. CX02-1424, C0-02-1478, 2003 WL 1814876, at *4 (Minn. Ct. App. Apr. 8, 2003) (citations and internal quotation marks omitted). "A

---

[3]   The court need not determine whether the warranty was timely provided to Far East because the terms of sale contain the same implied warranty disclaimer.

[4]   As to contribution, Far East seems to agree because it did not address this issue in its response brief.

claimant may recover indemnity ... [w]here there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved." Id. at *5 (alteration in original) (citations and internal quotations omitted). Here, the terms of sale expressly preclude indemnification claims relating to the glass, including removal of defective glass and reinstallation of replacement glass. The indemnification claim therefore fails as a matter of law.

"Contribution is an equitable doctrine that requires that persons under a common burden share that burden equitably." Nuessmeier Elec., Inc. v. Weiss Mfg. Co., 632 N.W.2d 248, 251 (Minn. Ct. App. 2001) (citation and internal quotation marks omitted). Contribution requires proof of "(1) common liability of two or more actors to the injured party; and (2) the payment by one of the actors of more than its fair share of that common liability." Id. (citation omitted). Common liability "arises when both parties are liable to the injured party for part or all of the same damages." Id.

Far East does not allege that any party other than Viracon caused the harm at issue. The case is solely premised on defective glass manufactured by Viracon. That Far East may be separately liable to other contractors does not change this analysis. Far East's contribution claim also fails as a matter of law.

15

**C.   Declaratory Judgment**

Viracon's declaratory judgment claim is premised on its claims for indemnification and contribution.  Compl. ¶ 79.  Because those claims fail, the declaratory judgment claim also fails.  Further, a declaratory judgment is a remedy, not a cause of action.  <u>See, e. g.</u>, <u>Buck v. Am. Airlines, Inc.</u>, 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201, "creates a remedy, not a cause of action").


**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 12] is granted in part and denied in part as set forth above.


Dated: February 19, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court

16